EDWARD M. WERNER
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
edward_werner@fd.org
     Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADOLFO VARGAS LEPE,<br><br>Defendant. | Case No. CR-23-79-BLG-SPW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF FIRST MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S PROPOSED RULE 404(b) EVIDENCE** |

     COMES NOW Defendant, Adolfo Vargas Lepe, by and through his attorney of record, Edward M. Werner, and the Federal Defenders of Montana, and hereby files this brief in support of his motion in limine to prohibit the government from introducing proposed Rule 404(b) evidence. This brief responds to the government's second notice of proposed Rule 404(b) evidence. (Doc. 80).

1

**Summary of argument**

The Court should prohibit the government from introducing this proposed evidence, insofar as these added allegations stand as evidence. These allegations are irrelevant to the underlying issues at trial. FRE 401-402. Introduction of these allegations will cause unfair prejudice to Adolfo. FRE 403. Additionally this evidence will add confusion to the trial and mislead the jury. FRE 403.

Critically, FRE Rule 404(a)(1) and (b)(1) mandate that character evidence is inadmissible. While often described as a "rule of inclusion", at its foundation Federal Rule of Evidence 404(b) prohibits the use of extrinsic evidence of a person's behavior to show one's propensity and that the person acted in conformity with that propensity on another occasion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). If the jury hears the allegations in the government's notice, this information will act as propensity evidence in the minds of the jurors. This will undermine Adolfo's constitutional right to a fair trial.

**Legal background**

Federal Rule of Evidence 404(a) states the following in relevant part:

**(a)   Character Evidence.**

(1)   Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

And Rule 404(b)(1)-(2) provides:

> **(b)    Other Crimes, Wrongs, or Acts.**
>
> **(1)    Prohibited Uses.**  Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2)    Permitted Uses.**  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Under Rule 404(b), "evidence of prior bad acts or crimes may not be used to prove that a defendant has a propensity to commit the crime charged." *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1995).  "Extrinsic act evidence is not looked upon with favor" because "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013-1014 (9th Cir. 1995).  Rule 404(b) can thus allow the admission of extrinsic acts to prove a permitted purpose but never to prove that because a defendant acted in a certain way on a prior occasion he likely acted the same way at this time.

The Ninth Circuit has established a four-part test for admission of evidence under Rule 404(b).  Prior acts may be admitted if:

(1)    The evidence tends to prove a material point;

(2)    The prior act is not too remote in time;

(3) The evidence is sufficient to support a finding that the defendant committed the other prior bad act; and

(4) In cases where knowledge and intent are at issue, the act is similar to the offense charged.

*Vizcarra-Martinez*, 66 F.3d at 1013.

The government bears the burden of demonstrating that other acts evidence satisfies the four-part test and Rule 403. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). Under 404(b) the proffered other acts evidence must prove something other than character. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Therefore before the Court may admit 404(b) evidence, the government must demonstrate it is relevant for specific purposes other than propensity. This is to protect against the "shotgun use of extrinsic 'bad man' evidence." *Curtin*, 489 F.3d at 944.

After requiring the government to identify the specific 404(b) purpose for which the evidence is offered, the district court must determine whether that identified purpose is material, i.e. whether it is "in issue" in the case. *Id.* at 958. If the Court finds it is "in issue" the court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.*

The government has the burden to prove "a logical connection between the defendant's purported involvement in the previous act and a material fact at issue in

the present charged offense." *United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007), quoting *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) (cleaned up). Thus the government must clearly articulate how the other acts evidence "fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime now charged." *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999). If the Court allows for the admission of the other evidence, it must clearly, simply, and correctly instruct the jury as to the specific purpose for which they may consider the evidence. *Curtin*, 489 F.3d at 958.

If the evidence meets these four requirements, the government must also demonstrate that it satisfies Rule 403. *Curtin*, 489 F.3d at 958. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Thus even if the requirements of the four-part test and 404(b) are satisfied, the evidence must past muster under Rule 403. And beyond that, all evidence is subject to Rule 401's requirement that evidence be relevant. Thus the evidence must have "any tendency to make a fact more or less probable that it would be without the evidence", and the fact must be "of consequence in determining the action." FRE 401(a)-(b).

**The Court should prohibit the introduction of the government's claimed 404(b) evidence**

In its notice the government divides its proposed 404(b) evidence into five parts (A-E). Each topic is addressed below. There is a foundational problem with the government's notice: it fails to address the admissibility requirements set forth by the Ninth Circuit. The government does not meaningfully address the four-part test and its hurdles of materiality, remoteness in time, the sufficiency of the proposed evidence, and the claimed purposes under Rule 404(b)(2). Nor does the government demonstrate that the evidence is admissible under Rule 403. On this record, the government's proposed evidence should be excluded.

**A. The allegation that Adolfo beat and restrained Jane Does 4 and 5**

The government seeks to introduce an allegation that Adolfo assaulted his then-16-year-old daughter in approximately 2009. (Doc. 80 at 2). The government also ties this to a purported incident where Adolfo refused to allow his then-significant other/wife to leave their house. *Id.*

The government has not identified a 404(b) justification for this evidence. Further its materiality, relevance in time, and proof of its underlying veracity are lacking. The mere introduction of such allegations at trial will serve as inadmissible propensity and character evidence and cause unfair prejudice to Adolfo. In Jane Doe 4's recorded statement she made an admission that there was "no proof of it" as well. It is also unclear what "beating [Jane Doe 5's] ass" means. The government does

6

not appear to tie this allegation to a particular conviction. In this analysis the remoteness in time also impacts the sufficiency of the evidence under the four-part test.

### B. The allegation that Adolfo forbade Jane Doe 6 from leaving a residence

The government seeks to introduce an allegation that Adolfo prevented Jane Doe 6 from leaving his residence, and that he told Jane Doe 6 he would have his daughter beat her. (Doc. 80 at 3). At the time Jane Doe 6 was purportedly dating Adolfo's son. In its notice the government also cites an accusation that Adolfo gave marijuana to Jane Doe 6 and his son. While the government's notice does not provide a date, the cited time appears to be in 2021. It appears Jane Doe 6 would have been about 19 years old at the time.

Again, the government has not identified a 404(b) justification for this category of evidence. Testimony regarding this allegation will serve as propensity and character evidence, causing unfair prejudice to Adolfo. Its materiality to the charges against Adolfo is lacking. A report from a Carbon County sheriff's deputy notes he did not see any visible injury to Jane Doe 6's hand and that she refused to be checked by medical. (USAO 8657). It appears Jane Doe 6 refused to provide substantive information to law enforcement, that is until 2024, after the current prosecution of Adolfo had progressed.

Thus again we have an instance where the initial information of the accusation lacks support, and yet the government seeks to renew the allegation to bolster its charges against Adolfo. The government's notice does not demonstrate how the context and nature of this claimed event in 2021 is connected to the current charges. The Court should bar this evidence, and this should include the allegation Adolfo provided marijuana to his son and Jane Doe 6.

### C. The allegation that Adolfo assaulted Jane Doe 7

The government's notice indicates it seeks to introduce alleged "sexual advances and comments" that Adolfo made toward Jane Doe 7. (Doc. 80 at 3). This purported evidence would not serve a valid purpose under Rule 404, and it will cause unfair prejudice to Adolfo. This testimony would also be irrelevant to the alleged offenses. If the government calls Jane Doe 7 to provide testimony, it should be limited to what is relevant to the charged counts against Adolfo. There is no basis to find that a statement or statements with supposed sexual connotations are admissible under the requirements set forth by the Ninth Circuit.

In at least one asserted instance the government appears to be referring to a situation in a hotel room where Adolfo allegedly said to his son that his girlfriend has a really good body. (USAO 8037). The notice does not specify what "advances" means exactly, but it appears to refer to supposed concerns Jane Doe 7 had with showering near Adolfo. (USAO 8040-41).

8

The materiality and sufficiency of this evidence is lacking, as is its purpose under Rule 404(b). In view of the unfair prejudice it will cause, there is no basis for this evidence's admissibility.

### D.  The allegation that Adolfo held John Doe 1 captive

The government seeks to introduce evidence that Adolfo held John Doe 1 captive in a house and that John Doe 1 was able to escape. (Doc. 80 at 4).

The overall claim here is that John Doe 1 accompanied Adolfo on a trip to Mexico so that he could have a "free drug [use] vacation." (USAO 9632). According to what John Doe 1 later represented to law enforcement in August 2024, during their return from Mexico they spent part of their time in Arizona at "a large Spanish-style house … located out in the desert in the middle of nowhere." (USAO 9635). Per the report from a law enforcement interview of John Doe 1, "[t]hey just continued to smoke meth. They may have only stayed at the house one night, though it seemed longer to [John Doe 1]. His perception of time may have been off due to drug use." (USAO 9635). John Doe 1 told law enforcement now years later that Adolfo told him he should go in a room and that he heard Adolfo lock the door from the outside. *Id.* Adolfo purportedly left the house in the middle of the night. *Id.* "[L]eaving him [John Doe 1] locked in a weird place was not normal." *Id.* John Doe 1 supposedly then climbed out of a window and walked through the desert and back to a nearby town. (USAO 9636).

9

This testimony would be irrelevant to the current case and cause unfair prejudice to Adolfo. Moreover, John Doe 1's admitted drug use and the vagueness of his prior statement raises issues of materiality and sufficiency. Any claimed 404(b) purpose by the government fails the evidentiary test set forth by the Ninth Circuit.

### E. The allegation that Adolfo sexually and physically assaulted Jane Doe 8

The government seeks to introduce evidence and/or testimony that in 1993 Adolfo sexually and physically abused Jane Doe 8. (Doc. 80 at 4). Jane Doe 8 was purportedly 12 years old at the time and living with Adolfo. *Id.* The government also seeks to elicit testimony that Jane Doe 8 observed Adolfo "physically abuse other individuals." *Id.*

According to a law enforcement report taken in October 2024, Adolfo was the step-father to Jane Doe 8. (USAO 9677). Jane Doe 8 purportedly lived at the time in a specific apartment, in a particular city in California. *Id.* Jane Doe 8 allegedly reported the abuse to a teacher, a CPS worker, and her mother. *Id.*

This proposed sexual assault evidence fails the four-part test set out by the Ninth Circuit for 404(b) evidence. First, the allegation does not tend to prove a material point in support of the second superseding indictment. Second, there is a very serious problem with remoteness in time. In fact there is a 24 to 30 year gulf between this allegation and the charges of the second superseding indictment. Third,

this claim is not sufficient in its nature to support a finding that this prior act happened. The remoteness in time heavily contributes to this defect. And fourth, this allegation is not similar to the charged offenses.

Introduction of this allegation will have an unfairly prejudicial impact on Adolfo's right to a fair trial under Rule 403, and the impact will be severe. Adolfo will not receive a fair trial if the government is allowed to hear this decades-old claim. This is improper character and propensity evidence.

The same reasoning applies to any alleged physical abuse toward Jane Doe 8 or anyone else from the early 1990s. This other evidence fails the hurdles of 1) materiality, 2) remoteness in time, 3) sufficiency of evidence, and 4) similarity to the current offenses. Introduction of these claims will cause unfair prejudice and simply serve as inappropriate character evidence.

**Conclusion**

A fundamental problem with all of the government's proposed 404(b) evidence is its vague and immaterial quality. The government is not citing to criminal convictions that substantiate these claims. And the ability to investigate or counter these accusations now is hampered by their stale and uncertain nature. The government nevertheless seeks to re-package these faulty allegations into the current federal case. If admitted, these irrelevant accusations will be interpreted by the jury

as propensity and character evidence. Adolfo's right to a fair trial will be subverted as a result. Thus he moves for their exclusion.

    RESPECTFULLY SUBMITTED this 1st day of November, 2024.

                                  /s/ Edward M. Werner
                                  EDWARD M. WERNER
                                  Federal Defenders of Montana
                                    Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on November 1, 2024, a copy of the foregoing document was served on the following persons by the following means:

1, 2   CM-EDF
\_\_\_\_   Hand Delivery
  3    Mail
\_\_\_\_   Overnight Delivery Service
\_\_\_\_   Fax
\_\_\_\_   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. ZENO B. BAUCUS
   RYAN G. WELDON
   Assistant United States Attorneys
   U.S. Attorney's Office
   2601 Second Avenue North, Suite 3200
   Billings, MT 59101
       Counsel for the United States of America

3. ADOLFO VARGAS LEPE
       Defendant

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
    Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e).  The Brief's line spacing is double spaced.  The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains 2,490 words, excluding tables and certificates.

DATED this 1st day of November, 2024.

>/s/ Edward M. Werner
>EDWARD M. WERNER
>Federal Defenders of Montana
>       Counsel for Defendant