ZENO B. BAUCUS
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:     (406) 657-6101
FAX:       (406) 657-6989
Email:     Zeno.Baucus@usdoj.gov
           Ryan.Weldon@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 23-79-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 807 |
| ADOLFO VARGAS LEPE, | |
| Defendant. | |

The United States of America, represented by Zeno B. Baucus and Ryan G. Weldon, Assistant United States Attorneys for the District of Montana, provides notice of the government's intention to offer evidence pursuant to Fed. R. Evid. 807, that is, the forensic interviews of Jane Doe 2. This pertains to counts 1-2 and

1

4-5 in the second superseding indictment. For the reasons outlined below, admission of these interviews is permitted under Fed. R. Evid. 807.[1]

## NOTICE

Under the residual hearsay exception, a hearsay statement will not be excluded if:

> [T]he statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and, it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a)(1)-(2). To rely on such a hearsay exception, the United States must provide the defendant with "reasonable notice of the intent to offer the statement—including its substance and the declarant's name." Fed. R. Evid. 807(b).[2]

At trial, the United States will first seek to introduce evidence regarding the defendant's drug trafficking and kidnapping of Jane Doe 2 in this case. Depending on the content of Jane Doe 2's testimony, the United States may then seek to

---

[1] The United States submits this notice pursuant to Fed. R. Evid. 807 and only addresses the admissibility of these interviews pursuant to this specific Rule of Evidence, as notice is required. The government may seek to introduce the interviews under a difference theory during the trial. *See, e.g.,* Fed. R. Evid. 801(d)(1)(B) (prior consistent statement).

[2] In 2019, the Advisory Committee "substantially amended" Fed. R. 807. *McCormick on Evidence* § 324. The 1997 version had five requirements, but the 2019 amendment retained three requirements and deleted two. *Id.*

introduce the recorded statements pursuant to Fed. R. Evid. 807 while Jane Doe 2 is still available for cross-examination.[3]

The recorded statements of Jane Doe 2 provided on June 20, 2023, and December 20, 2023, which can be authenticated either by her or others who witnessed the statements, are hearsay statements that are not specifically covered by any of the hearsay exceptions set forth in Fed. R. Evid. 803 or 804.  Because the recorded statements meet the requirements of Fed. R. Evid. 807, which is the residual or "catch-all" exception to the hearsay rule, these recorded statements may be admitted at trial.

These statements are trustworthy because they were done through forensic interviews.  *See, e.g., United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (stating that "[h]earsay evidence sought to be admitted under Rule 807 must have circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule" (internal citation omitted)).  Courts have considered numerous factors to evaluate the trustworthiness of such hearsay statements for purposes of determining Fed. R. Evid. 807 admissibility.  Such factors include

---

[3] There are no Confrontation Clause concerns presented by this evidence, even if the child witness does not recall making the recorded statements. *See Crawford v. Washington*, 541 U.S. 36, 59 n. 9 (2004) (stating that "when the declarant appears for cross examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements" and "[t]he Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it").

whether the statements were recorded, as in the case of the statements made by the child witness here. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012) (finding videotaped testimony to be trustworthy for purposes of Fed. R. Evid. 807 in part because "testimony preserved on videotape, unlike written notes taken by an officer, shows the demeanor of the witness, allowing a jury to use visual cues to assess credibility"); *United States v. Smith*, 591 F.3d 974, 980-982 (8th Cir. 2010) (affirming admission of recorded child forensic interview pursuant to Fed. R. Evid. 807); *Sanchez-Lima*, 161 F.3d at 547 (finding that hearsay statements should have been admitted under former Fed. R. Evid. 804(b)(5) relying in part on the fact that the statements of assault eyewitnesses were "preserved on videotape which would allow the jurors an opportunity to view their demeanor" (internal citation omitted)).

As discussed above, Jane Doe 2 will also be available for cross-examination, which militates strongly in favor of admission of the statements. *United States v. White Bull*, 646 F.3d 1082, 1092, 1094 (8th Cir. 2011) (affirming admission of child victim's written note to forensic interviewer under Fed. R. Evid. 807 and stating that "[p]erhaps the strongest circumstantial guarantee of trustworthiness, however, is the fact that S.C.G.1. testified at trial and was subject to cross examination regarding her statement in Exhibit 13"); *United States v. Valdez-Soto*, 31 F.3d 1467, 1470-72 (9th Cir. 1994) (affirming admission of hearsay statements

made to law enforcement agent under former Fed. R. Evid. 803(24) where declarant was subject to cross-examination regarding statements, noting that "the degree of reliability necessary for admission is greatly reduced where, as here, the declarant is testifying and is available for cross-examination, thereby satisfying the central concern of the hearsay rule"); *United States v. Renville*, 779 F.2d 430, 440 (8th Cir. 1985) (affirming admission of child victim's statement to deputy sheriff under former Fed. R. Evid. 803(24), finding "significant indicia of reliability" in the statement because "[m]ost important[ly], the declarant testified at trial and was subject to cross-examination").

Further, Jane Doe 2's recorded statements were made voluntarily and based on her personal knowledge of the offenses she described. *See, e.g., Leal-Del Carmen*, 697 F.3d at 974 (finding statements to be trustworthy for purposes of Fed. R. Evid. 807 in part because declarant "made the statements voluntarily based on facts within her personal knowledge"); *Smith*, 591 F.3d at 980 (noting that one of the factors "[t]o determine if statements made by a child who was allegedly a victim of sexual abuse to a forensic interviewer have sufficient circumstantial guarantees of trustworthiness to be admissible under Rule 807" is "whether the child repeated the same facts consistently to adults" (internal citation omitted)); *United States v. Harrison*, 296 F.3d 994, 1004 (10th Cir. 2002) (affirming admission of child victim's statements to law enforcement agent under Fed. R.

Evid. 807 and stating that in determining a statement's "circumstantial guarantees of trustworthiness," "the consistency of C.V.'s accounts of Defendant's assaults" is "of particular importance"); *Sanchez-Lima*, 161 F.3d. at 547 (finding that statements "possessed guarantees of trustworthiness," relying in part on the fact that the eyewitnesses' statements were made voluntarily, were based on "facts within [the eyewitnesses'] own personal knowledge," and "did not contradict any of their previous statements to government agents and defense investigators" (internal citation omitted)).

Further, as evidenced by the recordings, Jane Doe 2's statements were not made in response to leading questions by the interviewers. *Compare United States v. Thunder Horse*, 370 F.3d 745, 748 (8th Cir. 2004) (affirming admission of child victim's statements to forensic interviewer under Fed. R. Evid. 807 and finding statements to be sufficiently trustworthy in part because interviewer testified that "she asked the victim open-ended questions rather than leading questions") *with United States v. Balfany*, 965 F.2d 575, 582 (8th Cir. 1992) (finding child victim's statement to family member to be lacking "sufficient circumstantial guarantees of trustworthiness for admission under Rule 803(24)" in part because family member witness did not establish that "she questioned [the victim] in a nonsuggestive manner" and "[i]f anything, her testimony indicated that she used leading or suggestive questions").

Under the circumstances in which the United States would seek to admit the statements, such recorded interviews would be "more probative on the point for which it is offered than any other evidence" that the United States "can obtain through reasonable efforts." *See* Fed. R. Evid. 807(a)(2).  Put simply, the United States will only offer the statements if necessary to prove that the Adolfo Vargas Lepe intended to kidnap Jane Does 1 and 2, and trafficked drugs while toting guns.  If Jane Doe 2, despite her youth, fully divulges and testifies in front of the trial jury about such facts, the United States will not offer the statements as evidence under Fed. R. Evid. 807.  But if Jane Doe 2 is unable to fully testify while facing her offender in open court, the United States will then seek to admit the forensic interviews because that would be the most probative evidence.  *See, e.g., White Bull*, 646 F.3d at 1092, 1094 (affirming admission of child victim's statement to forensic interviewer in which victim "was unwilling or unable to offer clear testimony at trial about the specific dates of the five occasions that White Bull allegedly abused her").

///

///

///

///

///

Since Fed. R. Evid. 807's requirements are met, and no Confrontation Clause issues exist, the forensic interviews of the child witnesses should be admitted if requested by the United States.

DATED this 8th day of November, 2024.

>JESSE A. LASLOVICH
>United States Attorney
>
>*/s/ Zeno B. Baucus*
>ZENO B. BAUCUS
>Assistant U. S. Attorney
>
>*/s/ Ryan G. Weldon*
>RYAN G. WELDON
>Assistant U. S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, this certifies that the body of the attached notice contains 1,494 words, excluding the caption and certificate of compliance.

                                            JESSE A. LASLOVICH
                                            United States Attorney

                                            */s/ Zeno B. Baucus*
                                            ZENO B. BAUCUS
                                            Assistant U. S. Attorney

                                            */s/ Ryan G. Weldon*
                                            RYAN G. WELDON
                                            Assistant U. S. Attorney