ZENO B. BAUCUS
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 Second Ave North
P.O. Box 3200
Billings, Montana 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Zeno.Baucus@usdoj.gov
　　　　Ryan.Weldon@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADOLFO VARGAS LEPE,<br><br>Defendant. | CR 23-79-BLG-SPW<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE AND, IN THE ALTRNATIVE, UNITED STATES' NOTICE PURSUANT TO FED. R. EVID. 413 AND 414.** |

COMES NOW, Zeno B. Baucus and Ryan G. Weldon, Assistant U.S. Attorneys for the District of Montana, hereby respond to Defendant Adolfo Vargas Lepe's First Motion *In Limine* to Exclude Proposed Rule 404(b) Evidence. Doc. 85. The United States also provides notice through this filing that some of the

"other acts" evidence that is the subject of Lepe's Motion *In Limine* may also be admitted, in the alternative, pursuant to Fed. R. Evid. 413 and 414.

For the reasons articulated below, the other acts evidence noticed by the United States should be admitted at trial, currently scheduled for December 2, 2024.

## INTRODUCTION

### A. Charges and Procedural Posture Relating to the Noticed Evidence

Lepe is currently charged in the Second Superseding Indictment (the "Indictment") with three counts of kidnapping, in violation of 18 U.S.C. § 1201, one count relating to the possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Trial is scheduled for December 2, 2024.

The United States intends to show that from roughly 2017 through May 2023, Lepe trafficked significant illegal narcotics. Moreover, during this period, he kidnapped multiple individuals, to include at least one minor. Lepe utilized force and threats of force, drug use, firearms, and coercion to, at times, confine his victims. He also employed more traditional methods of restraint. Numerous witnesses are expected to testify as to his conduct during the charged period, as well as before. The evidence noticed by the United States (the "Noticed

Evidence") relates multiple permissible purposes contemplated within Fed. R. Evid. 404(b).

Trial is currently scheduled for December 2, 2024.  On April 22, 2024, the United States provided its first notice of intent to introduce evidence pursuant to Fed. R. Evid. 404(b) and subsequently filed an amended notice on October 25, 2024.  Docs. 60; 80.  The United States' submission on October 25, 2024, reflects the operative filing and description of the Fed. R. Evid. 404(b) evidence.   As set forth below, this evidence is probative of Lepe's intent, motive, plan, knowledge, lack of mistake or accident, identity and modus operandi.

### A.   Overview of Evidence Relating to Counts 1-3

Some of the evidence relating to the charges contained in the Indictment has already been proffered to the Court.  *See*. Doc. 56.  The evidence relating to Counts 1-3, however, bears directly on Lepe's Motion *In Limine* and warrants a description for purposes of the instant briefing:

- Count 1:  The United States intends to show that from approximately May 2018 through August 2019 Lepe kidnapped Jane Doe 1.  He traveled with her via vehicle in the United States and Mexico and, during this period, utilized force and threats of force against Jane Doe 1 and her family.  At times during this period, Lepe physically and mentally confined Jane Doe 1.  Jane Doe 1 is expected to testify as to these interactions, while also a percipient witness to Lepe's drug trafficking.

- Count 2:  The United States intends to show that Lepe kidnapped Jane Doe 2, a minor victim who is unrelated to Lepe.  He also physically confined her at times and, critically, sexually assaulted her during this period.  Jane Doe 2 is

also expected to testify as to these interactions and also was a percipient witness to Lepe's drug trafficking.

- Count 3: The United States intends to show that in April and May 2023, Lepe kidnapped Jane Doe 3, an adult female who had been in a relationship with Lepe. Lepe transported her from Wyoming to Montana and physically abused and confined Jane Doe 3 at his residence before she was able to escape and seek assistance.

B.   **Summary of Evidence Contained in Document 80 ("Noticed Evidence").**

As listed in the Second Notice, the United States intends to offer evidence of other acts committed by Lepe against Jane Does and a John Doe. A description of the anticipated evidence from the Jane Does and John Doe is as follows:[1]

- Jane Does 4 and 5 are expected to testify that in approximately 2010, Jane Doe 5 was held captive by Lepe and that Jane Doe 5 had to escape from his control. When Lepe learned that Jane Doe 5 was able to flee, he took his means of control out on another victim, Jane Doe 4 and physically abused her. Jane Doe 4 was a minor at the time. Jane Doe 5 is also expected to outline how Lepe would often confine her and describe an incident in Mexico during which Lepe tied up a naked Jane Doe 5 and showed her to his children.

- Then, in the summer of 2022, Lepe permitted a nineteen-year-old-female, Jane Doe 6, to stay at his residence. However, after she had the temerity to inform Lepe and his son that she was leaving, Lepe prevented her from leaving his house and confiscated her cellphone as she tried to contact her father. When Jane Doe 6 was finally able to get away, Lepe threatened her with violence.

- Jane Doe 7, who will testify as a percipient witness to the charged

---

[1] In his brief in support, Lepe contends that because the United States did not "address the admissibility requirements" for the Noticed Evidence it must be excluded. Doc. 86 at 6. Lepe fails to offer any legal support for this position and, because the notices filed under Fed. R. Evid. 404(b) were just that, notices, this argument fails.

offenses, and she is also expected to offer her own other acts testimony concerning Lepe, including that she too was subject to confinement and Lepe's sexual advances. John Doe 1, another percipient witness to the charged crimes, is expected to testify as to being locked in a room during the charged period of Count 1 and 4.

- Finally, Jane Doe 8 is expected to testify that when she no older than 12 years of age, Lepe physically and sexually abused her multiple times. During the sexual assaults, she was naked and Lepe touched her.

## ARGUMENT

### I. Legal Standard

"Evidence of prior crimes and bad acts can be admitted under Fed. R. Evid. 404(b) if it is to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake and not to show bad character." *United States v. Houser*, 929 F.2d 1369,1373 (9th Cir. 1990) *abrogation on other grounds recognized by United States v. Serrano*, 313 F. App'x 10 (9th Cir. 2008) (*citing Buford v. United States*, 532 U.S. 59, 64–66 (2001)). The Ninth Circuit has repeatedly held that Rule 404(b) is a "rule of inclusion which admits evidence of other crimes or acts relevant to issue at trial, except where it tends to prove *only* criminal disposition." *United States v. Ayers*, 924 F.2d 1468, 1472-73 (9th Cir. 1991) (emphasis in original) (citations omitted); *United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982), *cert. denied*, 463 U.S. 1210 (1983).

Evidence of other crimes or bad acts are admissible whenever relevant to an

issue other than a defendant's criminal propensity, such as intent or knowledge, and the potential for unfair prejudice is outweighed by the probative value of the evidence. *See Ayers*, 924 F.2d at 1473, *United States v. Bowman*, 720 F.2d 1103, 1105 (9th Cir. 1983); *United States v. Sigal*, 572 F.2d 1320, 1323 (9th Cir. 1978); *United States v. Espinoza*, 578 F.2d 224, 227 (9th Cir.), *cert. denied*, 439 U.S. 849 (1978). Indeed, the rule is a "broad avenue through which many acts of prior and subsequent misconduct by those criminally accused may be admitted into evidence." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977); *United States v. Riggins*, 539 F.2d 682 (9th Cir. 1976), *cert. denied*, 429 U.S. 1045 (1977).

"The threshold inquiry the court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of the material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Evidence is admissible under Rule 404(b) if (1) the evidence tends to prove the material point; (2) the prior acts are not too remote in time; (3) the evidence is sufficient to support a finding that the Defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). "Other act" evidence which meets those four criteria may be admitted and the district court need not make a preliminary finding "that the Government has proved the act by a preponderance of the evidence." *Huddleston* at 689.

Rule 404(b) evidence is admissible in the government's case in chief as well as for impeachment purposes. *United States v. Butcher*, 926 F.2d 811 (9th Cir. 1991) *cert. denied*, 500 U.S. 959 (1991) (evidence of narcotics found in a vehicle in proximity to a gun properly admitted in government's case in chief on firearms charges). The government need not wait for the Defendant to deny wrongful intent before offering evidence of other acts relevant to intent:

> Where intent is the only real issue . . . The government may fairly anticipate the defense of mistake and lack of knowledge and put this evidence [of prior acts] in as part of its case in chief.
>
> * * * *
>
> [T]he admissible bad acts evidence need not show incidents identical to the events charged, so long as they are closely related to the offense and tend to rebut the defense of mistake.

*United States v. DeLoach*, 654 F.2d 763, 769 (D.C. Cir. 1980), *cert. denied*, 450 U.S. 933 (1981) (footnotes omitted); *see also United States v. McCollum*, 732 F.2d 1419, 1425 (9th Cir. 1984) *cert. denied*, 469 U.S. 920 (1984) (where intent is a crucial issue, evidence of past crimes is generally admitted); *United States v. Robinson*, 687 F.2d 359, 361 (11th Cir. 1982) (where the issue is intent, "balance tips toward admissibility" under Rule 404(b)); *Sigal*, 572 F.2d at 1323 (prior acts are "highly probative" of intent); *United States v. Adcock*, 558 F.2d 397, 402 (8th Cir. 1977), *cert. denied* 434 U.S. 921 (1977) (government need not wait for defendant to deny intent to introduce prior similar acts); *United States v. Onori*,

7

535 F.2d 938, 943 (5th Cir. 1976) (other crimes' evidence admissible where defendant claimed to be "merely 'acting a role'").

 **a. The Noticed Evidence is Admissible Under Rule 404(b).**

  **1. The Non-Propensity Purposes of the Evidence.**

Lepe's state of mind is a critical element of the charged offenses, but perhaps none more than the three counts charging kidnapping, in violation of 18. U.S.C. § 1201(a) (Count 1-3). To convict Lepe with respect to those counts, the United States will be required to prove, among other elements, that Lepe held or detained his victim against his or her will. *See* Ninth Circuit Model Jury Inst. 17.1. This control exhibited by Lepe can and was also accomplished by overpowering the will of his victims. *Id*. Notably, the United States is *not* required to show the purpose for which Lepe kidnapped his victims or that his victims accompanied him involuntarily from the beginning. *Id*. However, Lepe's motive in kidnapping his victims, in addition to the means he employed in doing so, will be essential evidence for the jury to evaluate in conducting its role as finder of fact. The fact Lepe employed similar means and exercised similar motives with respect to other victims is probative of his intent and Fed. R. Evid. 404(b) supports their inclusion.

Lepe's purpose was to control the victims identified in the Indictment. This is why the Noticed Evidence is highly probative of Lepe's intent, motive, and modus operandi. It should be deemed admissible under Rule 404(b). *United*

*States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir. 1998) *citing Mayans*, 17 F.3d at 1182 (holding that knowledge and intent were material issues simply because the government had to prove them, and this burden of proof was unaffected by the defendant's choice of defense). The government bears the burden of proving Lepe knowingly kidnapped his victims. Evidence of prior restraint and abuse for the purpose of retraining his victims, as well as the sexual assault and abuse of a minor victim, is relevant to Lepe's intent, modus operandi, and motive. The United States expects to argue to the jury that Lepe's modus operandi was based on control and the need to control and confine his victims for various reasons. The Noticed Evidence bears directly upon this theory of the case and will materially aid the finder of fact. The non-propensity reason for their admission is clear.

"A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when the evidence proves criminal intent." *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997); *United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (holding that evidence of extrinsic offenses that are "probative of a defendant's state of mind" are not admissible if the defendant "affirmatively take[s] the issue of intent out of the case."). Here, the fact that Lepe had, on prior and repeated occasions, utilized physical abuse and threats of physical abuse in the context of confining his victims is directly relevant to his intent and modus operandi. In many respects, it will be the key issue at trial.

9

Indeed, Jane Does 4 and 5 are expected to testify to physical abuse at the hands of Lepe in the context of their confinement.  Jane Doe 6 is expected to testify that she was temporarily confined by Lepe when she attempted to leave his residence and he issued threats to her during that interaction.  John Doe will likely offer that he was locked in a room by Lepe.  All of these experiences by witness, other than referenced in the Indictment, are critical as to Lepe's state of mind with respect to the charged crimes.  When a defendant, such as Lepe is expected to do, "claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996).  The instances detailed above are directly relevant to Lepe's state of mind concerning the instant offenses and should be admitted. *United States v. Faulls*, 821 F.3d 502, 508–09 (4th Cir. 2016) (holding that evidence of prior instances of domestic abuse were properly admitted under Rule 404(b) because "[a] jury could ... reasonably conclude that the evidence demonstrated [the defendant's] control and dominion over [the victim], which was necessary to explain [the victim's] state of mind and her apparent willingness to remain with [the defendant] during the events leading up to the charged offenses [including kidnapping], even though [the victim] and [the defendant] were out in public, surrounded by others"); *see also United States v. Abram,* 171 Fed.Appx. 304, 315

(11th Cir.2006) (per curiam) (holding that admission of prior uncharged robberies in a bank robbery prosecution was not an abuse of discretion because the uncharged acts were very similar to the charged acts and established a similar modus operandi).

The same logic applies, perhaps with even greater force, to the anticipated testimony of Jane Does 7 and 8 and Lepe's interactions with them. As it relates to Count 2, Jane Doe 2 is expected to testify that during the period she was kidnapped by Lepe while he sexually assaulted her. The evidence offered by Jane Does 7 and 8 is directly relevant to a key component of Count 2; Lepe's modus operandi and motive with respect to the kidnapping of Jane Doe 2. "Although it is true that motive need not be proved under 18 U.S.C. § 1201, it is far from irrelevant." *United States v. Bradshaw*, 690 F.2d 704 (1982) (admitting pursuant to Fed. R. Evid. 404(b), evidence of the sexual assault of a victim in a kidnapping prosecution). And that is what the expected testimony of Jane Does 7 and 8 would demonstrate. Their testimony could rebut any contention by Lepe that he did not posses the requisite mental state, or have any motivation, to kidnap Jane Doe 2. Given that "[t]he motivation of rape is admissible to show that the defendant kidnapped for a benefit[]" – and also rebut any argument that a victim consented to the kidnapping – such other act evidence of sexual assault is admissible. *United States v Curtin*, 489 F.3d 935, 940 (9th Cir. 2007) ("Facts of consequence" also

include reasonably anticipated defenses."); *United States v. Duncan*, 855 F.2d 1528, 1536 (11th Cir. 1988); *United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir. 1992) (admitting other act evidence of a sexual assault in kidnapping prosecution to show "intent and a plan"). "Evidence of other crimes is inadmissible under [Fed. R. Evid. 404(b)] *only* when it proves nothing but the defendant's criminal propensities[.]" *United States v. Diggs*, 649 F.2d 731, 737 (9th Cir. 1981) (emphasis added). It is evident that the Noticed Evidence is being offered for a proper purpose – the intent, modus operandi and motive of Lepe - and should be admitted.

### 2 The Noticed Evidence is Sufficiently Similar and Close in Time to the Charged Conduct.

The amount of time that must pass before an act is considered remote varies with each case and depends on the theory of admissibility and the similarity between the prior acts and the current offense. *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989), *cert. denied*, 498 U.S. 864 (1990) and *cert. denied*, 498 U.S. 878 (1990). Prior bad acts over ten years old are not too remote to prove intent where those acts were very similar to the offense conduct. *See Spillone*, 879 F.2d at 519; *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989).

Here, the Noticed Evidence ranges in time from the 1990s to the same period as the charges contained in the Indictment. The dated conduct involving

Jane Doe 8, however, is understandable given Jane Doe 8 was a child at the time and in Lepe's custody. The Noticed Evidence outside of that involving Jane Doe 8 happened within ten years of the beginning of the indictment period. This temporal factor again favors the government. *See Spillone*, 879 F.2d at 519; *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (Prior bad acts over ten years old are not too remote to prove intent where those acts were very similar to the offense conduct.).

The Noticed Evidence is also sufficiently similar to the charged conduct. Again, the evidence surrounding Counts 1-3 relates to Lepe's confinement, both mental and physical, of adults and a minor victim for various reasons. All of the Noticed Evidence relates directly to Lepe's intent and modus operandi to engage in this conduct with respect to the victims in the Indictment. All of it relates to Lepe's means of controlling individuals, usually women and minors, to advance his goals.

### 3. The Evidence is Sufficient to Find that Lepe Committed a Similar Act.

The only preliminary finding that the trial court need make is that a jury could reasonably conclude that "the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. In analyzing whether the Noticed Evidence is admissible under Rule 404(b), a jury could make such a finding here. The individuals involved in the Noticed Evidence are expected to testify at trial. Such

evidence is sufficient to satisfy the reliability threshold for the admission of 404(b) evidence. *See Johnson*, 132 F.3d at 1283 ("[The] reliability threshold is not a high one, and the testimony of a single witness can be sufficient."); *Hinton*, 31 F.3d at 823 ("[W]e are not persuaded that where [a] witness testifies as to the defendant's prior bad acts, the jury must be presented with evidence corroborating the witness' testimony. . .") (citation omitted). This factor supports admissibility.

### 4. The Danger of Unfair Prejudice Does Not Substantially Outweigh the Probative Value.

The probative value of the Rule 404(b) evidence in this case is very high. It is the government's burden to prove the essential elements of the crime beyond a reasonable doubt. At trial the jury will be required to enter Lepe's head and "the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston*, 485 U.S. at 685.

Lepe generally contends that the probative nature of the Noticed Evidence will be substantially outweighed by the danger of unfair prejudice. Doc. 86 at 11.[2] But the probative value of the Noticed Evidence is significant given that Lepe will undoubtedly contend that the victims in Counts 1-3 were not kidnapped and

---

[2] Lepe also submits that he can't investigate the Noticed Evidence because he is somehow "hampered by their stale and uncertain nature." *Id*. Putting aside that much of the Noticed Evidence actually occurred relatively recently, Lepe was aware of them for some time given that (i) he committed them and (ii) discovery concerning the Noticed Evidence was produced to Lepe in a timely manner.

otherwise traveled with him or were confined voluntarily. The fact that he confined his victims and his reasons for doing so will be of the utmost probative value to the jury. The United States is permitted to paint an accurate picture of Lepe at trial and how he utilized various means of control to achieve his objectives. This counsels toward the Notice Evidence's inclusion and any analysis under Fed. R. Evid. 403 should, therefore, be tipped in favor of the admissibility of the evidence. *United States v. Van Metre*, 150 F.3d 339, 349, 350–51 (4th Cir. 1998) (in case where defendant was charged with kidnapping, concluding that defendant's prior convictions for kidnapping and rape were admissible under Rule 404(b) and finding no Rule 403 error in proving the prior convictions through the testimony of the victim "detailing her kidnapping and sexual assault").

    Furthermore, any potential prejudice to Lepe can be negated by the inclusion of a limiting instruction to the jury advising that this evidence is only admitted for the purpose of establishing his intent, knowledge, plan, lack of mistake, identity and mode of operation. *See e.g., United States v. Nadler*, 698 F.2d 995, 1000 (9th Cir. 1983); *Bradshaw*, 690 F.2d at 709-10; *United States v. Potter*, 616 F.2d 384, 389-90 (9th Cir. 1979) *cert. denied*, 449 U.S. 832 (1980); *see also United States v. Rubio-Villareal*, 927 F.2d 1495, 1503 (9th Cir. 1991) (agreeing with the government that "since the need for the [prior act] evidence was high... and the judge gave a careful limiting instruction… The balancing required by rule 403

15

weighed in favor of the admission of the evidence"). The government will propose a limiting instruction with respect to any Rule 404(b) evidence in this case, similar to Ninth Circuit Model Criminal Instruction 4.3. The use of such a limiting instruction further supports the admissibility of this Rule 404(b) evidence.

    **b. The Evidence Relating to Jane Does 7 and 8 is Also Admissible, in the Alternative, Pursuant to Fed. R. Evid. 413 and 414.**

Should the Court be disinclined to admit the Noticed Evidence relating to Jane Does 7 and 8 under the parameters of Fed. R. Evid. 404(b), the expected testimony of Jane Does 7 and 8 is also admissible pursuant to the more liberal admission standards of Rules 413 and 414.

Fed. R. Evid. 413 and 414 relate to the admission of similar crimes in sexual assault and child molestation cases, respectively. As indicated above, Jane Doe 2 is expected to testify that, as it relates to Count 2, Lepe kidnapped and controlled her with a motivating purpose of sexually assaulting her, which he did. Jane Does 7 and 8 are expected to testify to also being sexually assaulted by Lepe when they were minors. The issue is whether the charged offense, kidnapping pursuant to 18 U.S.C. § 1201, is a sexual assault or child molestation offense, permitting the admission of prior offenses. There is persuasive authority that kidnapping qualifies as a prior sex assault. Roughly three weeks ago the Eighth Circuit addressed this issue in *Untied States v. Ahmed*, 119 F.4th 564 (8th Cir. 2024). In

addressing a district court's denial of a motion to sever two kidnapping counts, the issue before the Court was the nature of the charged offense, kidnapping, and if it qualified as a sexual assault case for purposes of Fed. R. Evid. 413. *Id*. at 568. Citing its own prior precedent and out-of-circuit authority the Court noted that it is not the "formal charges in a case that govern whether the rule applies to it." *Id*. Instead, citing a decision from the Seventh Circuit, "[t]he focus of the Federal Rules of Evidence is on facts, and the policy rationale for Rule 413 is that a person who has engaged in the covered conduct is likely to engage in it again. Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted." *Id*. at 568 (quoting *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014)). Here, the facts concerning Count 2 involve Lepe's control over Jane Doe 2 for the purpose of, among other reasons, sexually assaulting her. Count 2 therefore qualifies as a sexual assault case under Fed. R. Evid. 413 and 414. The admission of Jane Does 7 and 8's testimony concerning other sexual assaults by Lepe is admissible under these rules and should also survive a Rule 403 analysis. *United States v. Adleta*, 2013 WL 4734828 (M. D. Fla. Sept. 3, 2013) (explaining that, with respect to evidence admitted under Rules 403, 413, and 414, "[a]s to the Rule 403 balancing, this evidence is naturally prejudicial. It is, however, not unfairly prejudicial, but rather is prejudicial for the same reason it is probative-it tends to prove the

defendant's propensity to molest young children.").

## CONCLUSION

For the foregoing reasons, Lepe's Motion *In Limine* to Exclude the Noticed Evidence should be denied.

DATED this 15th day of November 2024.

                    JESSE A. LASLOVICH
                    United States Attorney

                    */s/ Zeno B. Baucus*
                    ZENO B. BAUCUS
                    RYAN G. WELDON
                    Assistant U.S. Attorneys

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached Response is proportionately spaced, has a typeface of 14 points or more, and the body contains 4,344 words.

*/s/ Zeno B. Baucus*
Assistant United States Attorney
Attorney for Plaintiff