EDWARD M. WERNER
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
edward_werner@fd.org
   Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADOLFO VARGAS LEPE,<br><br>Defendant. | Case No. CR-23-79-BLG-SPW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF SECOND MOTION IN LIMINE IN RESPONSE TO THE GOVERNMENT'S NOTICE TO INTRODUCE EVIDENCE PURSUANT TO FRE 807 (Doc. 87)** |

  COMES NOW Defendant, Adolfo Vargas Lepe, by and through his attorney of record, Edward M. Werner, and the Federal Defenders of Montana, and hereby files this brief in support of his second motion in limine. This brief responds to the government's notice of intent to introduce evidence pursuant to FRE 807. *See* Doc. 87.

1

The government seeks to introduce prior recorded interviews of Jane Doe 2 during her trial testimony. What is the underlying justification that the government provides for this extraordinary request? The answer is very little.

The government only provides the following: "Depending on the content of Jane Doe 2's testimony, the United States may then seek to introduce the recorded statements pursuant to Fed. R. Evid. 807 while Jane Doe 2 is still available for cross-examination." (Doc. 87 at 2-3). The government further states: "But if Jane Doe 2 is unable to fully testify while facing her offender in open court, the United States will then seek to admit the forensic interviews because that would be the most probative evidence." (Doc. 97 at 7). At the time of trial Jane Doe 2 will be 17 years old.

Thus it appears the government wishes to play the interviews for the jury simply to bolster Jane Doe 2's testimony. It is requested that the Court deny the government's request.

**The requirements of Rule 807 are not present in this case**

FRE Rule 807 now states the following in relevant part:

Rule 807. Residual Exception

(a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

    (1) the statement is supported by sufficient guarantees of

> trustworthiness–after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a)(1)-(2).

The government's attempted use of Rule 807 goes too far, and it lacks precedent from the Ninth Circuit Court of Appeals. Consistently federal courts in the Ninth Circuit have cautioned against inappropriate use of Rule 807. "Rule 807 is not meant to be a 'broad hearsay exception, but rather is to be used rarely and in exceptional circumstances.'" *United States v. Kelly*, 2023 U.S. Dist. LEXIS 103574, *8-9, Case No. 21-cr-00402-RS-1, Doc. 259 at 5 (N.D. Cal. 2023), quoting *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980). "Applying the residual exception essentially requires a court to determine whether the totality of the circumstances surrounding the statement establish its reliability sufficiently enough to justify foregoing the rigors of in-court testimony (e.g., live testimony under oath, cross-examination) that ordinarily guarantee trustworthiness." *Id.*, at 9 (citation omitted).

In the Ninth Circuit, this cautionary approach to Rule 807 has been the norm. In *United States v. Bonds*, 608 F.3d 495, 500 (9th Cir. 2010) the Ninth Circuit affirmed the district's finding that FRE 807 was "designed for exceptional

3

circumstances" and did not apply. In *United States v. Spayd*, 2022 WL 4367621, *10 (D. Alaska 2022), the district court observed that "[t]he Ninth Circuit has repeatedly observed the established rule that Fed. R. Evid. 807 is to be used rarely and in exceptional circumstances" (quotations and citations omitted). In *Reckley v. Cmty. Nursing, Inc.*, 2021 WL 3861270, *2 (D. Mont. 2021), the Montana district court also observed that Rule 807 "is to be used rarely and in exceptional circumstances." Quoting *K.C.R. v. County of Los Angeles*, 2016 WL 9455632, *1 (C.D. Cal. 2016).

The government has not put forth exceptional circumstances. It appears that the government is arguing that the common trial situation of an alleged victim/accuser testifying against a defendant constitutes exceptional circumstances. This is hardly the case. And the government's proposal would create unequal and untenable precedent. Frequently prosecuting attorneys and defense attorneys alike have witnesses not say things on the witness stand that they have said previously. It would circumvent the hearsay rules for all witness testimony to be paired with an introduction of their prior video or audio statement. As the government also alludes to (Doc. 87 at 2, n.1), there are proper avenues to address these situations. Indeed Fed. R. Evid. 801(d)(1)(B) covers the admissibility of a declarant-witness' prior statement, if certain hurdles are met. Similarly, prior inconsistent statements may

be admissible on cross-examination for impeachment purposes. *See United States v. Bao*, 189 F.3d 860, 865-66 (9th Cir. 1999).[1]

The prior statements by Jane Doe 2 lack the sufficient **guarantees** of trustworthiness that Rule 807(1)(a) requires. The government asserts that the previously recorded statements "are trustworthy because they were done through forensic interviews," citing the case *United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998). (Doc. 97 at 3). However the recorded statements of a defense investigator in *Sanchez-Lima* were given under oath and subject to the penalty of perjury, as the Ninth Circuit noted in its opinion. *Id.* And the witnesses were deported prior to trial, supporting a finding of exceptionality. *Id.*, at 547-48. Similarly the Montana Federal District Court in *Reckley*, citing *Sanchez-Lima*, observed that "a prior opportunity to cross examine a witness is relevant to the trustworthiness inquiry." *Reckley*, *2. The government also cites *United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012), but it fails to reference the fact that the recorded statement in *Leal-Del Carmen* was under oath as well. *Id.* The recorded statements in this case were not made under oath, nor subject to cross-examination.

---

[1] The government does not clarify whether it aims to play the entirety of the recorded statements or only portions. *See* Doc. 87 at 1, 3, 7-8. However it appears the governments may be seeking to introduce the recordings in their entirety.

The government puts undue emphasis on the "forensic" nature of the interview. In this case "forensic" also means a law enforcement interview. This is much different than a statement made under oath, or one that involves an opportunity for cross examination. And a purported lack of leading questions by the interviewer (Doc. 87 at 6) does not support a finding of sufficient guarantees of trustworthiness.

Further the prior statements are not "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FRE 807(a)(2). The most probative source is the witness testifying under oath, before the jury.

The government refers to out of circuit opinions largely from the Eighth Circuit that are not controlling in the Ninth Circuit and on this Court. Yet the Eighth Circuit has also observed that "[a]lthough a recording ensures a declarant's statement is faithfully reproduced, it provides little assurance that the statement was truthful and reliable when spoken." *United States v. Bruguier*, 961 F.3d 1031, 1033 (8th Cir. 2020). The Eighth Circuit affirmed the exclusion of prior statements under Rule 807 in *Bruguier* and *United States v. Halk*, 634 F.3d 482, 489 (8th Cir. 2011). "Congress intended the residual hearsay exception to be used very rarely and only in exceptional circumstances." *Halk*, at 489, quoting *United States v. Dierling*, 131 F.3d 722, 733 (8th Cir. 1997).

In *United States v. Stoney End of Horn*, 829 F.3d 681, 686 (8th Cir. 2016), the Eight Circuit observed that "trustworthiness must be gleaned from circumstances that 'surround the making of the statement and that render the declarant particularly worthy of belief,' not by 'bootstrapping on the trustworthiness of other evidence at trial.'" Quoting *Idaho v. Wright*, 497 U.S. 805, 823 (1990) (citing 5. J. Wigmore, Evidence § 1420, at 251 (J. Chadbourn rev. 1974)). In the *Stoney End of Horn* case the Eight Circuit required under Rule 807 that the statement was "inherently trustworthy." *Id.* Further, the Tenth Circuit Court of Appeals recently observed "[a] victim's tepid trial testimony does not justify admitting more zealous, yet consistent, statements under the residual-hearsay exception. Were that true, Rule 807's purportedly stringent admissibility standard would wilt." *United States v. McFadden*, 116 F.4th 1069, 1089 (10th Cir. 2024). Further, "[t]he rule speaks in terms of guarantees; a suggestion of trustworthiness cannot suffice." *United States v. Burgess*, 99 F.4th 1175, 1183-84 (10th Cir. 2024) (cleaned up) (citations omitted). "It is not enough merely to find an absence of evidence that the statement was unreliable." *Id.*, quoting *Idaho v. Wright*, 497 U.S. at 822.

It is also noted to the Court that the prior interviews of Jane Doe 2 occurred in June and December of 2023. (Doc. 87 at 3). Count 2 alleges the kidnapping offense occurred years before, from July 2018 to October 2018. (Doc. 44 at 3). This sizeable gap in time does not support the government's trustworthiness argument.

And it is also important to consider that the government is not alleging a sex offense. Thus in this respect the government has not raised extraordinary circumstances. And Jane Doe 2 will be 17 years old at the time of trial, not a young child. Thus while she will be a minor, she will be old enough to potentially testify cogently. Additionally the government's notice (and discovery information) indicate she will also be asked by the government to testify about alleged drug trafficking activity by the defendant, not just an allegation of kidnapping. (Doc. 87 at 2).

In sum, this is an inappropriate case for the use of Rule 807 in the manner requested by the government.

**Confrontation Clause**

The government gives inadequate attention to the Confrontation Clause and the Due Process violation that could occur. If Jane Doe 2 is unable to meaningfully testify as a witness – and unable to meaningfully "appear[] for cross examination" – then the government's introduction of her prior statements will trigger a Confrontation Clause Violation. *See Crawford v. Washington*, 541 U.S. 36, n.9 (2004).

The recorded statements to the law enforcement interviewer(s) were testimonial. *Crawford* explained that testimonial statements include "pretrial statements that declarants would reasonably expect to be used prosecutorially" and "statements made under circumstances that would lead an objective witness

reasonably to believe that the statements would be available for use at a later trial." 541 U.S. at 51-52.  *See also United States v. Esparza*, 791 F.3d 1067, 1071-72 (9th Cir. 2015).  Under *Davis v. Washington*, 547 U.S. 813, 822 (2006), statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."

On this basis Adolfo moves to prohibit the introduction of the recorded statements at trial.

RESPECTFULLY SUBMITTED this 18th day of November, 2024.

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on November 18, 2024, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM-EDF
<u>    </u>   Hand Delivery
<u> 3 </u>   Mail
<u>    </u>   Overnight Delivery Service
<u>    </u>   Fax
<u>    </u>   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. ZENO B. BAUCUS
   RYAN G. WELDON
   Assistant United States Attorneys
   U.S. Attorney's Office
   2601 Second Avenue North, Suite 3200
   Billings, MT 59101
       Counsel for the United States of America

3. ADOLFO VARGAS LEPE
       Defendant

        /s/ Edward M. Werner
        EDWARD M. WERNER
        Federal Defenders of Montana
            Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains 1,784 words, excluding tables and certificates.

DATED this 18th day of November, 2024.

> /s/ Edward M. Werner
> EDWARD M. WERNER
> Federal Defenders of Montana
>     Counsel for Defendant