EDWARD M. WERNER
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
edward_werner@fd.org
  Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADOLFO VARGAS LEPE,<br><br>Defendant. | Case No. CR-23-79-BLG-SPW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF THIRD MOTION IN LIMINE FILED IN RESPONSE TO THE GOVERNMENT'S MOTION TO ALLOW JANE DOE 2 TO HOLD COMFORT ITEM DURING TESTIMONY (Doc. 88)** |

  COMES NOW Defendant, Adolfo Vargas Lepe, by and through his attorney of record, Edward M. Werner, and the Federal Defenders of Montana, and hereby files this brief in support of his third motion in limine. This brief responds to the government's motion to allow Jane Doe 2 to hold a comfort item during trial testimony. *See* Doc. 88. As the government noted in its motion, the defense objects the government's motion.

1

The primary problem with the government's request is the jury will interpret the presence of the comfort item as a signal that the defendant did commit an offense against Jane Doe 2.  A comfort item serves as a tacit acknowledgement – if not a direct recognition – that a crime was committed against Jane Doe 2.  This will erode Adolfo's presumption of innocence and subvert his right to a fair trial and Due Process.

A comfort item inappropriately bolsters Jane Doe 2's testimony in the government's favor.  The allowance of a comfort item will unfairly create sympathy for Jane Doe 2 and thereby the government's case.  A comfort item is not an exhibit, nor real or demonstrative evidence.  A special jury instruction will not allay the evidentiary and constitutional harm to Adolfo.

Amongst the multitude of prior federal cases and trials that have involved the testimony of minors, the government specifically references only two federal district court orders from the Eighth Circuit.  Critically the government cites no cases from the Ninth Circuit.

The government references *United States v. Foard*, No. 8:20-cr-00333, 2022 WL 9441373, at *1 (D. Neb. Oct. 14, 2022).  In that case the district court allowed a minor to hold a comfort item in her lap while testifying. *Id.*, *3.  The district court appeared to allow this under the condition that the witness held the item on her lap outside the view of the jury. *Id.*  The district court cited a statement from the minor

"that the comfort item will help her focus." *Id.* Based on a later appellate opinion in the case and the charges in the indictment, it appears the minor was a "seventeen-year-old girl with learning disabilities" who "looked up to M.D., a sixteen-year-old girl." *See United States v. Foard*, 108 F.4th 729, 733 (8th Cir. 2024).[1] Thus it appears the witness' unique characteristics may have further supported the government's motion in *Foard*, however the record is not entirely clear.

The *Foard* district court order observed that a few jurisdictions require a "substantial need" for a comfort item, citing *Gomez v. State*, 25 A.3d 786, 799 (Del. 2011). A similar need for a "compelling necessity" was also required in *State v. Palabay*, 844 P.2d 1, 3 (Haw. Ct. App. 1992). Given the apparent lack of controlling precedent in the Ninth Circuit, Adolfo requests that the Court apply this higher standard to ensure he receives a fair trial.

The government is not asserting in its motion that Jane Doe 2 is unable to testify without a comfort item. As with the government's motion to introduce evidence under Rule 807, the government is not offering evidence of a specific or unique psychological diagnosis of Jane Doe 2 in support of the motion.

---

[1] In *Foard* the government alleged the defendant committed an offense against M.J. in Count IV. 108 F.4th 729, 733. The district order regarding the comfort item referenced Minor Victim 1, and the indictment identified Minor Victim 1 as the alleged victim in Count IV. *See* No. 8:20-cr-00333, *Indictment* (Doc. 1 at 4).

Nor does the government rely upon a prior case within this district where a comfort item was allowed. On its face, it appears the government's motion may be seeking to break new ground within the district. The reality is that many witnesses, and not just alleged victims, feel considerable stress when testifying at trial.

Even if the majority of state courts have found that the "necessity" of a comfort item is not required, the comfort item is not merely supposed to alleviate stress for the witness. The comfort item should help the witness testify truthfully and completely. And it should not prejudice the defendant. *See Foard*, *2-3.

In *State v. Brick*, 163 Wash.App. 1029, *2 (Wash. Ct. App.), a Washington state appellate court specifically found that the unique needs of the child witness must be weighed against the potential prejudice to the defendant. In *State v. Hakimi*, 98 P.3d 809, 812 (Wash. Ct. App. 2004), the witness was "highly reluctant to testify" and the trial court relied on other testimony that the witness would have difficulty testifying without the comfort item.

In *United States v. Counts*, No. 3:18-cr-0041, 2020 WL 598526, *4 (D.N.D. Feb. 7, 2020), second case cited by the government, the district court allowed much younger witnesses, specifically two 11-year-olds, to have small foam stress balls. The district court noted that a small foam stress ball "would cause minimal distraction to the jury, if any, and would not prejudice the Defendant." *Id.* Insofar as the Court looks to this case, it is noteworthy that the district court saw fit to

administer an age-appropriate oath to the witnesses before their testimony, indicating the witnesses' especially young age and immaturity. *Id.*

A federal district court in Florida allowed a *seven-year-old* witness to have a comfort item. *United States v. McCaffrey*, No. 3:24-cr-11, 2024 WL 3362285, *10 (N.D. Fla July 10, 2024). And even in that situation the Court ruled it would "ensure that [the witness] is in the witness stand along with the comfort objects before the jury enters the courtroom … The Court will also ensure that the jury leaves the courtroom before [the witness] leaves the witness stand." *Id.*

Jane Doe 2 will by 17 years old at the time of trial. She will be a minor, but not a relatively young child. This differentiates her from the wide majority of cases where comfort items are allowed.

In reviewing the several cases gathered in the law review article referenced by the government, it is fair to conclude that a comfort item for a 17-year-old witness stands well outside the heartland of cases where a comfort item has been allowed. For example the 2013 law review article highlights a state case from Missouri with an alleged victim who was only eight years old at the time of trial. *See* 82 A.L.R. 6th 373; *State v. Dickson*, 337 S.W.3d 733, 743-744 (Mo. Ct. App. S.D. 2011). And in that case the defendant argued at trial that the child had been victimized by a different person other than the defendant, reducing the risk of prejudice to the defendant. *Id.*, at 744. The referenced law review article goes on to cite a multitude

of state trials where the witnesses were much younger than Jane Doe 2.  The outer age limit that the article cites appears to be a Missouri state case involving eleven and sixteen year-old witnesses.  State v. Powell, 318 S.W.3d 297, 304 (Mo. App. 2010).  While the appellate court found the district court did not abuse its discretion in allowing comfort items, it observed the following:

> We recognize that the children's ages (eleven and sixteen) may have counseled against the need for such accessories. We also emphasize that trial courts must be cognizant of the possibility that comfort items or other accommodations for minors may unfairly engender sympathy for complaining witnesses. When an objection is raised, courts should require some explanation of the need for such items, particularly when the items will be used during the testimony of teenage children.

*Id.*

In conclusion, the defense objects to the government's motion.  Jane Doe 2's age and the lack of unique facts in this case – and most importantly the prejudice to Adolfo – support the defense's position.  The defense requests that the Court enter a motion in limine prohibiting the use of a comfort item at trial by Jane Doe 2.

RESPECTFULLY SUBMITTED this 25th day of November, 2024.

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on November 25, 2024, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM-EDF
\_\_\_\_   Hand Delivery
<u> 3 </u>   Mail
\_\_\_\_   Overnight Delivery Service
\_\_\_\_   Fax
\_\_\_\_   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. ZENO B. BAUCUS
   RYAN G. WELDON
   Assistant United States Attorneys
   U.S. Attorney's Office
   2601 Second Avenue North, Suite 3200
   Billings, MT 59101
       Counsel for the United States of America

3. ADOLFO VARGAS LEPE
       Defendant

                         <u>/s/ Edward M. Werner</u>
                         EDWARD M. WERNER
                         Federal Defenders of Montana
                            Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains 1,312 words, excluding tables and certificates.

DATED this 25th day of November, 2024.

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
    Counsel for Defendant
