ZENO B. BAUCUS
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 Second Avenue North
Box 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:   (406) 657-6989
E-mail: Zeno.Baucus@usdoj.gov
            Ryan.Weldon@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ADOLFO VARGAS LEPE, Defendants. | CR 23-79-BLG-SPW <br><br> **GOVERNMENT'S PROPOSED VOIR DIRE** |
|---|---|

COMES NOW the United States of America, by and through its attorneys, Zeno B. Baucus and Ryan G. Weldon, Assistant United States Attorneys, and request that the following Voir Dire questions be put to the panel of prospective jurors:

1

## KNOWLEDGE OF PARTICIPANTS

1. Does anyone know Mr. Baucus or Mr. Weldon, or anyone now or in the past employed in the United States Attorney's Office? The case agent in this investigation is FBI Special Agent, Luke Smith. Does anyone know Mr. Smith or anyone with the Federal Bureau of Investigations? Does anyone know Marisa Peterson, an employee of the United States Attorneys Office?

2. The defendant in this case is Adolfo Vargas Lepe? Do any of you believe that you know the defendant or any of their relatives?

3. The attorney for Adolfo Vargas Lepe is Edward Werner. Do any of you know the defense lawyer, or any of his associates or family members, or have any of his associates ever represented or opposed you, any members of your family or any of your friends?

4. Does anyone know the following individuals who may be called as Government witnesses?

[*See* Government's Witness List.]

## REVIEW OF EVIDENCE

5. As part of your jury duty, you will have to look at exhibits on the monitor in front of you which will include reading on the monitors. Do you have

2

any problem seeing images or words projecting from the monitors?

6. Do you have any difficulty hearing, understanding or reading English?

7. This trial is expected to last approximately five business days. Does anyone on the panel have a medical condition that would make it difficult to sit through the trial of this case or to hear and view the evidence presented to you?

## **NATURE OF CHARGES**

Adolfo Vargas Lepe is charged in Counts 1-5 of the Second Superseding Indictment. The counts in the indictment involved in the trial read as follows:

- Two counts of Kidnapping an adult, in violation of 18 U.S.C. § 1201(a)(1) (Counts 1 and 3);

- One count of Kidnapping a minor, in violation of 18 U.S.C. § 1201(a)(1) (Count 2);

- One count of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) (Count 4); and

- One count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 5).

8. Having heard the charges in the superseding indictment, is there anything about the nature of the charges that might affect your ability to be fair and impartial in this case? Do you know anything about this case other than what

you have heard about in open court? If so, please explain.

9. I anticipate that testimony and evidence in this case will concern frank and graphic discussion about abuse and sexual activity. Are there any members of the panel who, for whatever reason, are unable to hear such testimony or discuss such matters with other members of the jury?

10. Are any of you now or have you been members of or contributors to organizations that advocates legalization of illegal drugs? Do any of you think laws prohibiting the possession and distribution of illegal drugs should be enforced either more strictly or less strictly than other types of laws?

11. Does anyone feel that the federal government should not be involved in the investigation of illegal drugs?

12. You have heard that there are charges against Adolfo Lepe relating to kidnapping. Does anyone believe that kidnapping always must involve physical force? Or does anyone disagree with the notion that someone can kidnap another through mental coercion?

13. Has any member of the panel, or a close friend or relative, ever been in the unfortunate circumstance where he or she was a victim of kidnapping? If yes, what were the circumstances and the relationship of that individual to you?

14.	Has any member of the panel, or close friend or relative been accused of a drug offense or kidnapping?

## ROLE AND EXPERIENCE OF A JUROR

15.	As jurors you will be the sole judges of the facts and it will be your duty to determine the facts from the evidence presented at trial and the reasonable inference arising from the evidence.   Punishment, probation or parole should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.   Do any of you think you would have any difficulty reaching a verdict on the evidence and reasonable inferences from the evidence <u>without</u> regard to any possible punishment, probation, or parole upon conviction?

16.	Has anyone ever served as a juror before?   If so:

    a.	What type of case was it?

    b.	State or federal court?

    c.	Were you the foreman?

    d.	Was the jury on which you served able to reach a verdict?

17.	Has anyone ever been a party to a lawsuit, not counting a divorce,

adoption or other family law matter?

18. Were you, any member of your family or any friend, ever a witness in a criminal case? If yes, what was the nature of case and for which party did you appear as a witness?

19. The Court will instruct you on the law. Is there any member of the panel that is not able, for whatever reason, to follow the Court's instructions to you in this case? Even if you disagree with the instructions, will you be able to follow them?

## **LAW ENFORCEMENT/LEGAL BACKGROUND**

20. Has any member of the panel, or anyone close to them, such as a friend, neighbor or relative been charged with or convicted of a crime?

[If anyone responds affirmatively, then ask the following questions:]

    a. Panel member arrested, charged, or convicted?

        i. What was the nature of the offense?

        ii. When did this event occur?

        iii. Do you feel that you (or others) were treated fairly?

        iv. Is there anything about the incident that would affect your ability to be fair and impartial in this case?

   b. Friend, neighbor or relative arrested, charged or convicted?

     i. What is your relationship to this individual?

     ii. What was the nature of the offense?

     iii. When did this event occur?

     iv. Do you feel that this individual was treated fairly?

     v. Is there anything about the incident that would affect your ability to be fair and impartial in this case?

21. Has any member of the panel had any legal training or worked in a law-related occupation?

22. Does anyone on the panel have a friend or relative who works in law enforcement or in the legal profession?   If so:

   a. What type of law enforcement or legal position do you or does this person hold?

   b. What is your relationship to this individual?

   c. Is there anything about what you have heard about the work of this family member or close friend that would make it difficult for you to be fair either to the government or the defendant in this case?

7

23. Will you judge the testimony of a law enforcement officer by the same standards you would judge any other witness? No more, no less?

24. Has any member of the panel had a particularly negative experience with a law enforcement officer that might make it difficult for you to evaluate fairly and impartially the evidence and render a fair verdict based on the evidence?

## **WITNESS TESTIMONY**

25. I anticipate that one of the ways the United States will prove its case is through testimonial evidence – that is, the words that are spoken from the witness stand. Do you understand that the law does not make a distinction between testimonial evidence and physical evidence?

26. If one witness were to testify to each of the elements of the offense that I have to prove – and you believe that witness beyond a reasonable doubt as to each of those elements, the law requires you to find the defendant guilty. Is there anyone who would not or could not find the defendant guilty based upon the testimony of a single witness provided that you believe that witness beyond a reasonable doubt as to each of the elements in the offense?

27. How do you feel about a minor testifying? Do you think minors are capable of telling the truth about important matters?

## BURDEN OF PROOF

28. Does everyone understand that a defendant is presumed innocent until proven guilty by the Government beyond a reasonable doubt?

29. Is there any member of the panel unable to sit as a juror due to moral or religious beliefs?

30. Is there any member of the panel who feels for any reason that they cannot sit in judgment of their fellow man or would be unable to follow the laws as given by the Court?

31. Does anyone on the panel feel that the Government should be held to a higher or stricter burden of proof, such as proof beyond all possible doubt?

## SUMMARY

32. Having now listened to the other potential jurors' answers and all of the discussion that we have had today, is there anything else that has not been asked that would influence your ability to honestly evaluate the evidence in this case and to be fair to either the government or defendant?

//

//

//

Respectfully submitted this 25th day of November, 2024.

                          JESSE A. LASLOVICH
                          United States Attorney

                          */s/ Zeno B. Baucus*
                          Assistant U.S. Attorney
                          Attorney for Plaintiff

                          */s/ Ryan G. Weldon*
                          Assistant U.S. Attorney
                          Attorney for Plaintiff