ZENO B. BAUCUS
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:    (406) 657-6101
FAX:      (406) 657-6989
Email:    Zeno.Baucus@usdoj.gov
          Ryan.Weldon@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ADOLFO VARGAS LEPE, Defendant. | CR 23-79-BLG-SPW  RESPONSE TO DEFENDANT'S SECOND MOTION *IN LIMINE* |
|---|---|

The United States provided notice that it may introduce the forensic interviews of Jane Doe 2 under Fed. R. Evid. 807. (Doc. 87). The videoed interviews occurred on June 20, 2023, and December 20, 2023. (Doc. 87 at 3).

1

Adolfo Vargas Lepe argues the use of Rule 807 is "rare" and no exceptional circumstances exist because this is a "common trial situation." (Doc. 91 at 3-4). It is anticipated that next week's presentation of evidence will be anything but "common."

Lepe shot and caged a victim, touted his association with the cartel, distributed drugs throughout the United States, and sexually assaulted 10-year-old Jane Doe 2. This is, in fact, a rare case, which is why the victims are terrified to appear in the same room as Lepe.

The United States hopes this notice is entirely unnecessary. If Jane Doe 2 testifies consistent with her forensic interviews, the United States will not seek to introduce the recordings. The testimony of Jane Doe 2 will stand alone because it will be more probative than the forensic interviews. *See, e.g,* Fed. R. Evid. 807(a)(2). If, however, Jane Doe 2 is unable to recount the kidnapping and sexual assault due to the pressures of trial and with her assailant staring directly at her, then the United States will seek to admit the entirety of the recordings under Fed. R. Evid. 807. By viewing the entire recordings the jury will know the forensic interviews were done with open-ended and non-suggestive questions. The jury will also have the opportunity to view Jane Doe 2's responses and demeanor when answering the questions.

The logic of this approach is best explained in *United States v. McFadden*, 116 F.4th 1069, 1089 (10th Cir. 2024):

> We found support for this decision in several other circuit cases where courts have deemed out-of-court statements to be admissible residual hearsay evidence, even though the child testified at trial, because the child's testimony was inconsistent or unclear compared to the hearsay evidence.

*Id.*; *see also United States v. Peneaux*, 432 F.3d 882, 892-893 (8th Cir. 2005); *United States v. Wandahsega*, 924 F.3d 868, 876 (6th Cir. 2019). In the District of Idaho, the district court confronted the exact same issue and reasoned as follows:

> [T]he Government is not, of course, requesting that the interviews be admitted in lieu of [the victim's] live testimony; rather it seeks to admit the interviews *in addition* to [the victim's] trial testimony. If [the victim] testifies as expected, admitting the interviews would be needlessly cumulative and thus not permitted under Rule 403. If, however, [the victim] does not testify as expected—if her testimony is hesitant or inconsistent, or if she ends up being unable or unwilling to testify—then the Court would be inclined to admit the interviews pursuant to the residual exception. Should that scenario occur, the interviews may very well be the "most probative" evidence.

*United States v. Wilkinson*, 2015 WL 6182466, pp. 11-12 (D. Idaho Oct. 21, 2015).

Finally, the United States will call Jane Doe 2 to the witness stand. This vitiates any Confrontation Clause concerns, which the United States addressed in the original notice. (Doc. 87 at 3, n. 3); *see also Crawford v. Washington*, 541 U.S. 36, 59, n. 9 (2004) (stating that "when the declarant appears for cross examination at trial, the Confrontation Clause places no constraints at all on the

///

3

use of his prior testimonial statements" and "[t]he Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it").

DATED this 25th day of November, 2024.

JESSE A. LASLOVICH
United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U. S. Attorney

*/s/ Ryan G. Weldon*
RYAN G. WELDON
Assistant U. S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response contains 746 words, excluding the caption and certificate of compliance.

JESSE A. LASLOVICH
United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U. S. Attorney

*/s/ Ryan G. Weldon*
RYAN G. WELDON
Assistant U. S. Attorney