**ZENO B. BAUCUS**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone:   (406) 657-6101**
**FAX:  (406) 657-6989**
**Email:     Zeno.Baucus@usdoj.gov**
             **Ryan.Weldon@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ADOLFO VARGAS LEPE,**<br><br>**Defendant.** | **CR 23-79-BLG-SPW**<br><br><br>**UNITED STATES' PROPOSED**<br>**JURY INSTRUCTIONS**<br>**(CLEAN COPY)** |

1

**INSTRUCTION NO. \_\_\_\_\_**

Jurors:    You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.    At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.    To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.    You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.    You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.    Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.    Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.    Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**INSTRUCTION NO. _____**

This is a criminal case brought by the United States government.    The government charged the defendant with three counts of Kidnapping, in violation of 18 U.S.C. § 1201(a)(1), one count of Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).    The charges against the defendant are contained in the second superseding indictment.    The second superseding indictment simply describes the charges the government brings against the defendant.    The second superseding indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.    In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

## INSTRUCTION NO. ____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and,

Third, any facts to which the parties agree.

# INSTRUCTION NO. _____

The following things are *not* evidence, and you must not consider them as

evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and,

Fourth, anything you may see or hear when the court is not in session even if
what you see or hear is done or said by one of the parties or by one of the
witnesses.

# INSTRUCTION NO. _____

Evidence may be direct or circumstantial.    Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.    Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.    Either can be used to prove any fact.    The law makes no distinction between the weight to be given to either direct or circumstantial evidence.    It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. _____

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.   Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.   That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.    You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.   Sometimes different witnesses will give different versions of what happened.   People often forget things or make mistakes in what they remember.   Also, two people may see the same event but remember it differently.   You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## INSTRUCTION NO. _____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

11

**INSTRUCTION NO. _____**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.    Please understand that while you are waiting, we are working.    The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.    I may not always grant an attorney's request for a conference.    Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## INSTRUCTION NO. _____

At the end of the trial, you will have to make your decision based on what you recall of the evidence.    You will not have a written transcript of the trial.    I urge you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. _____

If you wish, you may take notes to help you remember the evidence.   If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   Do not let note-taking distract you from being attentive.   When you leave court for recesses, your notes should be left in the jury room.   No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.   Notes are only to assist your memory.   You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. _____**

The next phase of the trial will now begin.    First, each side may make an opening statement.    An opening statement is not evidence.    It is simply an outline to help you understand what that party expects the evidence will show.    A party is not required to make an opening statement.

The government will then present evidence and counsel for each defendant may cross-examine.    Then, if a defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# INSTRUCTION NO._____

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.   This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.   This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.   You also must not communicate with anyone, in any way, about this case.   And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.   So you must not learn any additional information about the case from sources outside the courtroom.   If you think that you might have done so, please let me know now by raising your hand. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please

notify a member of the court's staff at the next break.   Thank you for your careful

adherence to my instructions.

## INSTRUCTION NO. _____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.   It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.   You must decide the case solely on the evidence and the law.   You will recall that you took an oath promising to do so at the beginning of the case.   You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.   Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.   Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.   Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. _____

The second superseding indictment is not evidence.    The defendant has pleaded not guilty to the charges.    The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.    In addition, the defendant does not have to testify or present any evidence to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. _____

A separate crime is charged against the defendant in each count.    You must decide each count separately.    Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. _____

A defendant in a criminal case has a constitutional right not to testify.   In arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

## INSTRUCTION NO. _____

The defendant has testified.    You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO. _____**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.   It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.   It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty.   On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and,

Third, any facts to which the parties have agreed.

**INSTRUCTION NO. _____**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.   The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.    Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. _____

Evidence may be direct or circumstantial.    Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.    Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.    Either can be used to prove any fact.    The law makes no distinction between the weight to be given to either direct or circumstantial evidence.    It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. \_\_\_\_\_

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.   Sometimes different witnesses will give different versions of what happened.   People often forget things or make mistakes in what they remember.   Also, two people may see the same event but remember it differently.   You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. _____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.   The defendant is not on trial for any conduct or offense not charged in the indictment.

## INSTRUCTION NO. _____

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.   You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, or absence of accident and for no other purpose.   You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

## INSTRUCTION NO. _____

The second superseding indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the second superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## INSTRUCTION NO. \_\_\_\_

You have heard testimony that the defendant made a statement.   It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.   In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NO. ___**

Count 1 of the Second Superseding Indictment charges as follows:

In or before May 2018, and continuing until in or around August 2019, in the State and District of Montana, Utah, Arizona, Nevada, North Dakota, South Dakota, California, the Country of Mexico, and elsewhere, the defendant ADOLFO VARGAS LEPE, did intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold Jane Doe 1, for ransom, reward, and otherwise, and in committing and in furtherance of the commission of the offense, transported Jane Doe 1 in interstate and foreign commerce and used a means, facility, and instrumentality of interstate and foreign commerce, in violation of 18 U.S.C. § 1201(a)(1).

## INSTRUCTION NO. ___

The defendant is charged in Count 1 of the Second Superseding Indictment with Kidnapping, in violation of 18 U.S.C. § 1201(a)(1).  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Jane Doe 1;

**Second**, the defendant held or detained Jane Doe 1 against her will; and,

**Third**, the defendant traveled in interstate or foreign commerce, or used any means, facility, or instrumentality of interstate or foreign commerce in furtherance of committing the crime.

The government is not required to prove that the defendant kidnapped Jane Doe 1 for reward, ransom, or for any other purpose.

The fact that Jane Doe 1 may have initially voluntarily accompanied the defendant does not necessarily negate the existence of a later kidnapping.

**INSTRUCTION NO. _____**

Count 2 of the Second Superseding Indictment charges as follows:

In and around July 2018, and continuing until in or around October 2018, in the State and District of Montana, Utah, Arizona, Nevada, North Dakota, South Dakota, California, the Country of Mexico, and elsewhere, the defendant, ADOLFO VARGAS LEPE, who was not a parent, grandparent, brother, sister, aunt, uncle, and individual having legal custody of Jane Doe 2, an individual who had not attained the age of 18, did intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold Jane Doe 2 for ransom, reward, and otherwise, and in committing and in furtherance of the commission of the offense, transported Jane Doe 2 in interstate and foreign commerce and used a means, facility, and instrumentality of interstate or foreign commerce, in violation of 18 U.S.C. § 1201(a)(1) and 1201(g).

## INSTRUCTION NO. ___

The defendant is charged in Count 2 of the Second Superseding Indictment with Kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and 1201(g).   In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Jane Doe 2;

**Second**, the defendant held or detained Jane Doe 2 against her will;

**Third**, the defendant traveled in interstate or foreign commerce, or used any means, facility, or instrumentality of interstate or foreign commerce in furtherance of committing the crime;

**Fourth**, Jane Doe 2 had not attained the age of 18;

**Fifth**, the defendant was not a parent, grandparent, brother, sister, aunt, uncle, and individual having legal custody of Jane Doe 2; and,

**Sixth,** the defendant was at least 18 years of age.

The government is not required to prove that the defendant kidnapped Jane Doe 2 for reward, ransom, or for any other purpose.

The fact that Jane Doe 2 may have initially voluntarily accompanied the defendant does not necessarily negate the existence of a later kidnapping.

**INSTRUCTION NO. _____**

Count 3 of the Second Superseding Indictment charges as follows:

On or about April 14, 2023, and continuing until on or about May 29, 2023, near Roberts, in Carbon County, in the State and District of Montana, and the State and District of Wyoming, and elsewhere, the defendant, ADOLFO VARGAS LEPE, did intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold Jane Doe 3, for ransom, reward, and otherwise, and in committing and in furtherance of the commission of the offense, transported Jane Doe 3 in interstate and foreign commerce and used a means, facility, and instrumentality of interstate and foreign commerce, in violation of 18 U.S.C. § 1201(a)(1).

## INSTRUCTION NO. ___

The defendant is charged in Count 3 of the Second Superseding Indictment with Kidnapping, in violation of 18 U.S.C. § 1201(a)(1).   In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> **First**, the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Jane Doe 3;

> **Second**, the defendant held or detained Jane Doe 3 against her will; and,

> **Third**, the defendant traveled in interstate or foreign commerce, or used any means, facility, or instrumentality of interstate or foreign commerce in furtherance of committing the crime.

The government is not required to prove that the defendant kidnapped Jane Doe 3 for reward, ransom, or for any other purpose.

The fact that Jane Doe 3 may have initially voluntarily accompanied the defendant does not necessarily negate the existence of a later kidnapping.

# INSTRUCTION NO. _____

Section 1201 of Title 18 of the United States Code provides:

> Whoever unlawfully seizes, confines,
> inveigles, decoys, kidnaps, abducts, or
> carries away and holds for ransom, reward,
> or otherwise any person . . . [shall be guilty
> of an offense against the United States].

> If the victim of an offense under this section
> has not attained the age of 18 years; and the
> offender has attained such age; and is not a
> parent, a grandparent, a brother, a sister, an
> aunt, an uncle, or an individual having the
> legal custody of the victim . . [the defendant
> shall be guilty of an offense against the
> United States].

## INSTRUCTION NO. _____

The third element of kidnapping requires that the government to prove that the defendant traveled in interstate or foreign commerce, or used any means, facility, or instrumentality of interstate or foreign commerce in furtherance of committing the crime.

An act or transaction that crosses state or foreign lines is "in" interstate commerce. A cellular telephone and automobile are instrumentalities of interstate commerce.

It is not necessary for the government to prove that the defendant knew or intended to travel in interstate or foreign commerce or intend to use any means, facility, or instrumentality of interstate or foreign commerce.

**INSTRUCTION NO. _____**

Count 4 of the Second Superseding Indictment charges as follows:

Beginning in and around November 2017, and continuing until on or about May 31, 2023, in the State and District of Montana, Utah, Arizona, Nevada, North Dakota, South Dakota, California and elsewhere, the defendant, ADOLFO VARGAS LEPE, knowingly and unlawfully possessed, with the intent to distribute, 50 grams or more of actual methamphetamine, a Schedule II controlled substance, 400 grams or more of a substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," a Schedule II controlled substance, and a substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

# INSTRUCTION NO. _____

The defendant is charged in Count 4 of the Second Superseding Indictment with Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly possessed any controlled substance; and,

**Second**, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of methamphetamine, fentanyl, or cocaine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine, fentanyl, or cocaine.

It does not matter whether the defendant knew that the substance was methamphetamine, fentanyl, or cocaine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine, fentanyl, or cocaine to another person, with or without any financial interest in the transaction.

**INSTRUCTION NO. _____**

If you find the defendant guilty of the charge in Count 4 of the Second Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine or fentanyl that defendant intended to distribute equaled or exceeded 50 grams or more of actual methamphetamine or 400 grams of a substance containing a detectable amount of fentanyl. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of the methamphetamine or fentanyl.

## INSTRUCTION NO. ___

Section 841(a)(1) of Title 21 of the United States Code provides:

> [I]t shall be unlawful for any person
> knowingly or intentionally to . . . possess
> with the intent to . . . distribute a controlled
> substance . . . .

## INSTRUCTION NO. _____

Count 5 of the Second Superseding Indictment charges as follows:

Beginning in and around November 2017, and continuing until on or about May 31, 2023, in the State and District of Montana, Utah, Arizona, Nevada, North Dakota, South Dakota, California and elsewhere, the defendant, ADOLFO VARGAS LEPE, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances, as alleged in Count 4 above, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## INSTRUCTION NO. ___

The defendant is charged in Count 5 of the Second Superseding Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant committed the crime of possession with the intent to distribute controlled substances as charged in count 4 of the second superseding indictment, which I instruct you is a drug trafficking crime;

**Second**, the defendant knowingly possessed the firearm; and,

**Third**, the defendant possessed the firearm in furtherance of the crime of possession with the intent to distribute controlled substances.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

The phrase "in furtherance of" means that the defendant possessed the firearm with the subjective intent of promoting or facilitating the crime of possession with the intent to distribute controlled substances.

**INSTRUCTION NO. \_\_\_**

Section 924(c) of Title 18 of the United States Code provides:

> [A]ny person . . . who, in furtherance of any
> [drug trafficking crime], possesses a firearm,
> shall . . . [be guilty of an offense against the
> United States].

## INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.    The government is not required to prove that the defendant knew that his acts or omissions were unlawful.    You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. _____**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.   Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.   You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.   Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.   Unconscious biases

are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.   During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

# INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. _____

Some of you have taken notes during the trial.    Whether or not you took notes, you should rely on your own memory of what was said.    Notes are only to assist your memory.    You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. _____

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. _____

A verdict form has been prepared for you.    After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.    No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.    If you send out a question, I will consult with the lawyers before answering it, which may take some time.    You may continue your deliberations while waiting for the answer to any question.    Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.