EDWARD M. WERNER
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
edward_werner@fd.org
        Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA | Case No. CR-23-79-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S BRIEF IN SUPPORT OF FOURTH MOTION IN LIMINE FILED IN RESPONSE TO THE GOVERNMENT'S NOTICE TO INTRODUCE EVIDENCE PURSUANT TO FRE 413 AND 414 (Doc. 89)** |
| ADOLFO VARGAS LEPE, | |
| Defendant. | |

COMES NOW Defendant, Adolfo Vargas Lepe, by and through his attorney of record, Edward M. Werner, and the Federal Defenders of Montana, and hereby files this brief in support of his fourth motion in limine. This brief responds to the government's notice of intent to introduce evidence pursuant to FRE 413 and 414. *See* Doc. 89.

1

The government asserts that testimony of Jane Does 7 and 8 can alternatively be admitted under Rules 413 and 414.  (Doc. 89 at 4-5, 16-18).[1]

The government has not charged Adolfo with sexual assault as the term is defined in Rule 413(d).  Nor has the government charged Adolfo with child molestation as defined in Rule 414(d).  Yet the government asks the Court to look beyond the fact that Congress' definitions of sexual assault and child molestation in these two rules of evidence do not include the offense of Kidnapping.  The government does not cite to precedent from the Ninth Circuit Court of Appeals that allows for this expansive interpretation of Rules 413 and 414.

In *United States v. Porter*, 2024 WL 4796509 (9th Cir. Nov. 15, 2024), the Ninth Circuit recently cautioned:

> Although we uphold Rule 413, we emphasize that Rule 413, like Rule 414, "is not a blank check entitling the government to introduce whatever evidence it wishes." [Quoting *United States v. Lemay*, 260 F.3d 1018, 1022 (9th Cir. 2001).] District courts should carefully apply Rule 403 in these circumstances, mindful of the five non-exclusive factors we have identified: (1) "similarity of the prior acts to the acts charged," (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence of lack of intervening circumstances," and (5) "the necessity of the evidence beyond the testimonies offered at trial." [Quoting *Lemay*, at 1028].

*Porter*, at *4.

---

[1] Regarding the government's descriptions of the potential testimony of Jane Does 7 and 8, see Doc. 80 at 3-4 (government's second 404(b) notice) and Doc. 86 at 8-9, 10-11 (defendant's first motion in limine).

Thus the Ninth Circuit implicitly identifies the Rule 403 analysis as one involving comparison to the "acts charged."  Sexual assault has not been charged in this case.

In contrast with the cases cited by the government,[2] the Seventh Circuit has required that the charged offense be included in the offense definition provided in Rule 413.  *See United States v. Courtright*, 632 F.3d 363, 368-69 (7th Cir. 2011). Citing Black's Law Dictionary, the Seventh Circuit observed that "at the time Rule 413 was drafted (and today), the word 'accused' was often used in a technical sense to describe someone who was charged with a crime."  *Id.*, at 368.  The Seventh Circuit concluded that the district court committed error when it interpreted Rule 413 to not require a defendant to be charged with sexual assault.  *Id.*, at 368-69.

And beyond the lack of precedent from the Ninth Circuit, the government's reliance on the Eighth Circuit *Ahmed* case should be tempered by the fact that the defendant was raising a severance argument on appeal.  *United States v. Arjune Ahmed*, 119 F.4th 564, 567 (8th Cir. 2024).

Regarding the potential testimony of Jane Doe 7, this evidence does not fall within the boundaries of Rules 413 and 414.  "Sexual advances and comments"

---

[2] It is also noted that the defendant in the *Foley* case cited by the government was charged with offenses that contained sexually-related elements, unlike the second superseding indictment in the current case.  *See United States v. Foley*, 740 F.3d 1079, 1086-87 (7th Cir. 2014).

(Doc. 80 at 3) is an unduly vague accusation that does not rise to the level of an "attempt" to commit a sexual assault.

Turning to the Rule 403 analysis, 403 states that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The Ninth Circuit in *LeMay* stated that "although we do not suggest that district courts may only introduce prior acts of molestation for which a defendant has been tried and found guilty, we hold that the extent to which an act has been proved is a factor that district courts may consider in conducting the Rule 403 inquiry."  *Lemay*, at 1029.

The standard implemented by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 689 (1988), which addresses the admissibility of evidence under Rule 404(b), also controls the standard of proof required to admit evidence under Rules 413-414.  *See United States v. Norris*, 428 F.3d 907, 913-14 (9th Cir. 2005).  The applicable standard is if a jury could reasonably find the conditional fact by a preponderance of the evidence, the prior sexual act may be admissible.  *See* Fed. R. Evid 104(b).

Jane Doe 7's testimony should be prohibited.  The vague accusation of "sexual advances" is significantly different than an accusation of sexual assault.  Given the paucity of this evidence, it also falls short of the preponderance of the evidence

standard set out by *Norris*.  The claimed frequency of such acts does not support the government if there is no accusation that a sexual assault even happened.  And the necessity of the evidence is severely lacking.  Introduction of the testimony will only cause unfair prejudice to Adolfo.

Regarding Jane Doe 8, the closeness in time consideration, or the lack thereof, should fatally undermine the government's argument.  As referenced in Adolfo's first motion in limine, the distance in time between the accusations is nearly 25 years.  A span of nearly twenty-five years – and an entirely different context and setting – constitute significant intervening circumstances.  There is no necessity for Jane Doe 8's testimony.  And in the Rule 403 analysis, the fact that Adolfo is not charged with a sexual offense in the superseding indictment remains highly significant.  The actual relevance to the kidnapping charge(s) will be low, but the unfair prejudice to Adolfo will be substantial.

RESPECTFULLY SUBMITTED this 25th day of November, 2024.

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on November 25, 2024, a copy of the foregoing document was
served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-EDF |
| ___ | Hand Delivery |
| _3_ | Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-Mail |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    ZENO B. BAUCUS
      RYAN G. WELDON
      Assistant United States Attorneys
      U.S. Attorney's Office
      2601 Second Avenue North, Suite 3200
      Billings, MT 59101
              Counsel for the United States of America

3.    ADOLFO VARGAS LEPE
              Defendant


                              /s/ Edward M. Werner
                              EDWARD M. WERNER
                              Federal Defenders of Montana
                                      Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains 993 words, excluding tables and certificates.

DATED this 25th day of November, 2024.

/s/ Edward M. Werner
EDWARD M. WERNER
Federal Defenders of Montana
Counsel for Defendant